UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMIE L. BRYLSKI,

        Plaintiff,

v.                **DECISION AND ORDER**
                   10-CV-756S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

   1.  Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated August 22, 2008, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614 (a)(3)(A) of the Social Security Act. Plaintiff alleges that she became disabled on May 16, 2005. She contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

   2.  On July 22, 2008, the ALJ held a hearing at which Plaintiff and a vocational expert testified.[1]  After consideration of the evidence, including hearing testimony and Plaintiff's medical records, the ALJ denied Plaintiff's application for disability benefits and supplemental security income. On July 22, 2010, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision in this Court on September 17, 2010.

   3.  Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on February 18, 2011, and Plaintiff responded with a Cross-Motion for the same relief on March 30, 2011. This Court finds

---

[1] The decision notes that an independent medical expert appeared at the hearing (R. 10), but this expert did not testify. (R. 427).

the matter fully briefed and oral argument unnecessary.  Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

      4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert denied 459 U.S. 1212 (1983).

      5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the onset date of her alleged disability (R. 12); (2) Plaintiff has severe impairments, specifically degenerative disc disease and her status post back surgeries (R. 12); (3) these impairments do not meet or medically equal a recognized disabling impairment under the regulations (R. 12); (4) Plaintiff retained the residual functional capacity to perform light work with certain restrictions[2] (R. 12); and (5) although Plaintiff is unable to perform her past relevant work as a social worker or waitress, she could perform certain occupations such as file clerk or receptionist. (R. 14-15).

      10.    Plaintiff's first challenge to the ALJ's denial of benefits is the argument that the ALJ failed to properly consider the opinion of Plaintiff's treating physician, Dr. Loubert Suddaby, that Plaintiff was totally disabled. Initially, even a treating physician's opinion that a plaintiff is disabled is not controlling, instead, this determination is reserved to the Commissioner. 20 CFR § 404.1527 (e)(1). Further, Dr. Suddaby initially made this

---

[2] The ALJ recognized that Plaintiff "requires a sit/stand option, hourly; she is not able to bend or twist; requires a job with minimal running or stair-climbing; and has occasional limitations of concentration, persistence and pace." (R. 12).

statement in 2005. (R. 90, 91, 93, 109). At that time, Suddaby also opined that Plaintiff would "be able to resume gainful employment by early September." (R. 90, 91,). Plaintiff's own testimony supports the conclusion that she was not totally disabled in the Fall of 2005, inasmuch as she testified that she went to school five days a week, participating in a nursing program that included two days of clinical work weekly. (R.435-439). Plaintiff continued taking courses the next semester, and did not switch to online classes until the following fall, in anticipation of a second surgery. (R. 439). In addition, Plaintiff's medical records reflect that she made "good progress" in the months following her initial surgery, with no back pain other than soreness reported in the summer of 2005. (R. 91, 92). The restriction on Plaintiff's activities while in school was only to refrain from carrying heavy books. (R. 89). Further, a consulting physician opined following a December 2005 examination that Plaintiff had a gross activity mild limitation with respect to heavy lifting and pushing, a mild to severe limitation with respect to bending, twisting, and heavy lifting related specifically to the lumbar spine, and only a mild limitation with respect to walking, running, and stairs. (R. 145; see also 175 ("walks with a normal gait"). The ALJ recognized such limitations in her determination that Plaintiff's ability to perform light work required certain modifications. (R. 12-13). Similarly, although it was indicated by a physician's assistant that Plaintiff "remains totally disabled" in January 2007, that same progress note reflects that Plaintiff denied "any significant pain" or numbness, and that her gait and station was normal. (R. 321).

Contrary to Plaintiff's second contention, the ALJ did not fail to properly evaluate Plaintiff's credibility. Plaintiff herself established that she was fully or partially engaged in school for almost the entire period of alleged disability. Based on her own testimony, the only period of time that requires closer consideration is between Plaintiff's second back

surgery in the summer of 2006 and February 2007. (R. 439-442, 445).  Although Plaintiff reherniated a disc in a car accident three months after the second surgery, by February she was feeling better, "could walk better and stand longer." (R. 440-441, 445).  She began doing household activities in the spring. (R. 445).  Progress notes from Dr. Suddaby's office reflect that Plaintiff reported "feel[ing] great since the surgery" (R. 327 (March 2007)) with further subsequent improvement in pain. (R. 328 (May 2007)).  Similarly, records from Plaintiff's physical therapy sessions indicate that she was "able to do a lot of walking without the use of her back brace" in June 2007, with the only repercussion being fatigue in her legs. (R. 251).  In November 2007, Plaintiff was reporting spending full days at school. (R. 161-162; see 339, 451).  By January 2008, it was recommended that Plaintiff increase her activities. (R. 341).  Accordingly, the record reflects that the ALJ's determination to deny benefits was based upon the medical records of Plaintiff's treating physicians, although not the conclusory assertions thereof, and that Plaintiff's own testimony factored heavily as well.  Finally, the ALJ was not required to discuss every credibility factor individually where, as here, the decision is sufficient to allow this Court to determine the basis for the ALJ's credibility determination. Cf. Aponte v. Secretary, Dep't of Health and Human Servs. of U.S., 728 F.2d 588, 592-593 (2d Cir. 1984).

11.     For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's Cross-Motion for Judgment on the Pleadings is denied.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Cross-Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: March 27, 2012
       Buffalo, New York

                                          /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                             Chief Judge
                                    United States District Court